# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **DARRYL M. RESHAW,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) **CIVIL ACTION FILE NO.:** |
| **v.** | ) **3:18-CV-00109-TCB-RGV** |
| | ) |
| **SELECT PORTFOLIO SERVICING,** | ) |
| **INC.** | ) |
| | ) |
| **Defendant.** | ) |

## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendant Select Portfolio Servicing, Inc. ("SPS") moves to dismiss Plaintiff Darryl M. Reshaw's *Verified Complaint* under Rule 12(b)(6). This is Plaintiff's third lawsuit challenging the servicing and foreclosure of his defaulted mortgage loan. His Complaint should be dismissed (1) on grounds of *res judicata* and collateral estoppel, and (2) because it fails to state a claim against SPS upon which relief can be granted.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff borrowed $569,000 from Countrywide Bank, FSB in April 2007. (Compl. ¶ 12.) To secure the repayment of his loan, Plaintiff granted Mortgage

Electronic Registration Systems, Inc. ("MERS"), as nominee for Countrywide and its successors and assigns, a security deed to 345 Phillips Drive, Fayetteville, Georgia 30214 (the "Property"). (Compl. ¶ 13.) Plaintiff's security deed contains a power of sale provision granting its assignee the right to non-judicially foreclose his interest in the Property if he defaults on his loan. (Compl. ¶ 24.)

MERS assigned Plaintiff's security deed to Bank of America. (Compl. ¶ 15.) Bank of America later assigned it to HSBC Bank USA, N.A., as Trustee ("HSBC"). (Compl. ¶16.) Plaintiff "concedes that his loan was in default as of May 2012," at the time Bank of America assigned the security deed to HSBC. (Compl. ¶ 17.) SPS services Plaintiff's loan for HSBC. (Compl. ¶¶ 17, 40, 52.)

HSBC has attempted to foreclose Plaintiff's interest in Property from the time he stopped repaying his loan, many years ago. Plaintiff has repeatedly frustrated these attempts by filing bankruptcy petitions and lawsuits challenging the servicing and foreclosure of his loan.

Plaintiff first filed for bankruptcy protection in June 2012. *See In re Reshaw*, No. 12-11621-whd (Bankr. N.D. Ga. Aug. 16, 2012) (Doc. 1.)[1] HSBC filed an

---

[1]     The Court may take judicial notice of Plaintiff's public bankruptcy records without converting this motion to dismiss into a motion for summary judgment. *See*, *e.g.*, *Halmos v. Bomardier Aerospace Corp.*, 404 F. App'x 376, 377 (11th Cir. 2010) ("We have held that a district court may take judicial notice of matters of

objection to Plaintiff's proposed Plan averring that it had a $757,604.55 secured claim against Plaintiff as of August 2012, including $133,326.15 in pre-petition arrearages. *Id.* (Doc. 28.) Plaintiff did not respond to HSBC's objection, and the Bankruptcy Court ultimately dismissed his case for his failure to fund his proposed Plan. *Id.* (Doc. 30.)

A few months after the dismissal, Plaintiff filed for bankruptcy protection a second time. *See In re Reshaw*, No. 12-13649-whd (Bankr. N.D. Ga. April 1, 2013) (Doc. 1.) The Bankruptcy Court dismissed the case in April 2013 and entered an order barring Plaintiff from filing for bankruptcy again for 180 days. *Id.* (Doc. 29.)

One month later, Plaintiff filed his first lawsuit challenging the servicing of his loan. *See Reshaw v. Bank of America, N.A. et al*, No. 3:13-cv-00105-TCB (N.D. Ga. Nov. 11, 2013) (Docs. 1.) Plaintiff alleged that Bank of America and HSBC could not foreclose his interest in the Property until they produced his original promissory note, that he did not have to repay his creditors because no entity loaned him "actual money", and that the defendants violated the Fair Debt Collection Practices Act ("FDCPA"), the Real Estate Settlement Procedures Act

---

public record without converting a Rule 12(b)(6) motion into a Rule 56 motion."); *Tuscano v. Evening Journal Ass'n*, 179 F. App'x 621, 623 n.3 (11th Cir. 2006) (stating that court may take judicial notice of another court's order for purpose of recognizing subject matter of the litigation).

("RESPA"), and Georgia's Fair Business Practices Act ("FBPA") while servicing his loan. *Id.*

Bank of America and HSBC moved to dismiss Plaintiff's first lawsuit under Rule 12(b)(6). *Id.* (Doc. 3.) Rather than respond to and oppose the defendants' motion, Plaintiff voluntarily dismissed his action under Rule 41. *Id.* (Doc. 4.)

Plaintiff filed his second loan servicing lawsuit a few months later, this time against SPS. *See Reshaw v Select Portfolio Servicing, Inc.*, No. 3:14-cv-00121-TCB (N.D. Ga. Jan. 29, 2015) (Docs. 1.) Plaintiff alleged SPS was liable to him for twelve causes of action, including wrongful attempted foreclosure, unfair and/or deceptive business practices, fraud, and RESPA violations. Like Bank of America and HSBC before it, SPS moved to dismiss Plaintiff's lawsuit under Rule 12(b)(6). *Id.* (Doc. 5.)

The United States Magistrate Judge assigned to the case entered a *Final Report and Recommendation* recommending that the Court grant SPS's motion and dismiss Plaintiff's action with prejudice. *Id.* (Doc. 12.) Before the Court could enter a final order, however, Plaintiff again voluntarily dismissed his case under Rule 41. *Id.* (Doc. 14.) [2]

---

[2]     Plaintiff filed and voluntarily dismissed his third bankruptcy petition after he dismissed his second lawsuit. *See In re Reshaw*, No. 18-10692-whd (Bankr. N.D. Ga. July 10, 2018) (Docs. 28, 30.)

Plaintiff has now filed this third mortgage servicing lawsuit, again naming SPS the sole defendant.[3] Though the Complaint alleges seven causes of action, many of its 139 paragraphs are devoted to explaining why Plaintiff believes SPS is a "debt collector" governed by the FDCPA. (*See*, *e.g.*, Compl. ¶ 26 ("What this Court needs to understand is that the Defendant SELECT PORTFOLIO SERVICING, INC. is a DEBT COLLECTOR and not a CREDITOR."); ¶ 39 ("Defendant here is a debt collector under the FDCPA. Defendant is NOT the

---

[3]     Like the complaints in Plaintiff's two previous lawsuits, this latest complaint is a non-specific form document repeatedly filed by *pro se* plaintiffs in this Court. *See*, *e.g.*, *Roberts v. CitiMortgage, Inc.*, No. 1:15-CV-2727-ODE (Doc. 1) (N.D. Ga. March 9, 2016) (dismissed under Rule 12(b)(6)); *Williams v. Ocwen Loan Servicing, LLC*, No. 1:15-cv-3914-ELR (Doc. 1) (N.D. Ga. May 26, 2016) (dismissed under Rule 12(b)(6)). The document is a shotgun complaint comprised of confusing legal conclusions instead of specific factual allegations. (*See*, *e.g.*, Compl. ¶ 33 ("The alleged debt was in default so that would mean that the Defendant is in violation of the FDCPA and if the alleged debt was not in default then the Defendant would still be in violation of the FDCPA due to misrepresentation, false and wrongful collection.")). It can be dismissed for that reason alone. *See Strategic Income Fund, L.L.C. v. Spear, Leads & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002) (describing the "typical shotgun complaint" as containing "several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts … contain irrelevant factual allegations and legal conclusions."); *Lampkin-Asam v. Volusia County Sch. Brd.*, 261 F. App'x 274. 277 (11th Cir. 2008) (affirming dismissal of complaint that was "confusing, incoherent, and clogged with seemingly irrelevant factual allegations.").

creditor or lender … There is no evidence presented that even comes close to proving that Defendant is a lender or the secured creditor[.]".)

Nevertheless, Plaintiff fails to state an FDCPA or other claim against SPS. First, Plaintiff's voluntary dismissals of his two previous actions operate as an adjudication on the merits under Rule 41(a)(1)(B)'s "two-dismissal rule." Plaintiff's claims are therefore barred by *res judicata* and collateral estoppel. Second, each of Plaintiff's causes of action is impermissibly based on legal conclusions instead of alleged facts. The causes of action accordingly fail to give SPS fair notice of any claim against it, and fail as a matter of law. The Court should dismiss Plaintiff's Complaint with prejudice under Rule 12(b)(6).

## MOTION TO DISMISS STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a complaint "must state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007) (stating that complaint that failed to "nudge[] … claims across the line from conceivable to plausible" must be dismissed). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937 (2009) (stating that complaint is insufficient if it "tenders [only] naked assertion[s] devoid of further factual enhancement").

When considering this motion to dismiss, the Court must accept Plaintiff's factual allegations as true and view them in the light most favorable to him. *Hardy v. Regions Mortg., Inc.*, 449 F.3d 1357, 1359 (11th Cir. 2006). The Court need not, however, accept as true Plaintiff's "legal conclusion[s] couched as ... factual allegation[s]." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932 (1986). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (citations omitted).

Plaintiff's Complaint fails to satisfy these federal pleading standards. His causes of action are generic proclamations of wrongdoing "devoid of further factual enhancement" that fail to give SPS fair notice of the claims against it. *Iqbal*, 556 U.S. at 662. The Court should dismiss Plaintiff's Complaint with prejudice.

## ARGUMENT

### I.   Plaintiff's claims are barred by *res judicata* and collateral estoppel.

"The general principle of *res judicata* prevents the relitigation of issues and claims already decided by a competent court." *Community State Bank v. Strong*, 651 F.3d 1241, 1263 (11th Cir. 2011). An action is barred by *res judicata* if: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of

competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Griswold v. County of Hillsborough*, 598 F.3d 1289, 1292 (11th Cir. 2010) (internal quotation and punctuation omitted).

As to the fourth element, two cases are considered to involve the "same cause of action" if the latter case asserts "claims which were raised or could have been raised in [the] earlier proceeding." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999); *see also Redford v. Gwinnett County Judicial Circuit*, 350 F. App'x 341, 344 (11th Cir. 2009) ("*Res judicata* applies not only to the precise legal theory presented in the prior case, but to all legal theories and claims arising out of the same nucleus of operative fact.").

All four *res judicata* elements are met here. First, a final judgment on the merits was reached in Plaintiff's second lawsuit, *Reshaw v Select Portfolio Servicing, Inc.*, No. 3:14-cv-00121-TCB (N.D. Ga. Jan. 29, 2015). Because Plaintiff voluntarily dismissed his first lawsuit (*Reshaw v. Bank of America, N.A. et al*, No. 3:13-cv-00105-TCB (N.D. Ga. Nov. 11, 2013)), his voluntary dismissal of his second action, which was "based on or including the same claims" in his first, "operated as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B). This is commonly known as the "two dismissal rule," and its primary purpose is "to

prevent unreasonable abuse of the plaintiff's unilateral right to dismiss an action." *Sealey v. Branch Banking & Trust Co.*, 693 F. App'x 830, 834 (11th Cir. 2017) (citing *ASX Inv. Corp. v. Newton*, 183 F.3d 1265, 1268 (11th Cir. 1999)).[4]

The second and third *res judicata* elements are also met here. This Court had both federal question and diversity jurisdiction over Plaintiff's previous two actions under 28 U.S.C. §§ 1331 and 1332.  Further, Plaintiff and SPS were parties to Plaintiff's second lawsuit, and SPS was in privity with the defendants to Plaintiff's first lawsuit.[5]

The fourth requirement is also satisfied. As in his previous actions, Plaintiff's new claims challenge the servicing and foreclosure of his loan, and are

---

[4]    In Plaintiff's second lawsuit, *Reshaw v Select Portfolio Servicing, Inc.*, No. 3:14-cv-00121-TCB (N.D. Ga. Jan. 29, 2015), this Court entered an order putting Plaintiff "on notice that if he files another action based on the same claims against SPS, [Bank of America] or HSBC, and such action comes before this Court, Rule 41(d) will apply, and the Court will award the defendants their costs, and possibly attorney's fees, for this action or [for Plaintiff's first lawsuit], as applicable." (Doc. 18 at pp. 11-12.)

[5]    Plaintiff's first and second lawsuits both related to Plaintiff's defaulted loan and Property, and contained many of the same arguments. Courts have permitted the application of Rule 41(a)(1)(B) to defendants that are related to or in privity with one another. *See Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 728 (9th Cir. 1991); *Manning v. S. C. Dep't of Highway & Pub. Transp.*, 914 F.2d 44, 48 (4th Cir. 1990) ("*[R]es judicata* extends not only to named parties to an action, but also to their privies.").

based on the same arguments that no entity has the right to collect his defaulted and unpaid loan balance, or to foreclose his interest in the Property.

Alternatively, Plaintiff's claims are barred by collateral estoppel. Where *res judicata* "does not apply to bar an entire claim or set of claims, the doctrine of collateral estoppel, or issue preclusion, may still prevent the relitigation of particular issues which were actually litigated and decided in a prior suit." *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990). The "party seeking to apply … collateral estoppel must establish that: (1) the issue at stake is identical to one involved in prior litigation; (2) the issue was actually litigated in the prior litigation; (3) the determination of the issue must have been a critical and necessary part of the judgment in the prior litigation; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior litigation." *McCulley v. Bank of Am.*, 605 F. App'x 875, 877-78 (11th Cir. 2015).

Though Plaintiff's claims and legal theories in this action are not identical to those in his previous actions, the claims all concern SPS's loan servicing conduct and its attempts to enforce Plaintiff's defaulted loan documents. Plaintiff's voluntarily dismissals of his two previous actions estop him from relitigating the same servicing issues a third time. *See Woodfork v. MidFirst Bank*, No. 1:17-CV-

00485-LMM-CMS, 2017 WL 8218967 (N.D. Ga. April 17, 2017) (finding that collateral estoppel barred plaintiff from relitigating servicing and foreclosure standing issues). The Court should therefore dismiss Plaintiff's Complaint with prejudice.

## II.      Plaintiff's claims also fail as a matter of law.

### 1.      Fair Debt Collection Practices Act

Plaintiff's vague FDCPA claims against SPS fail as a matter of law. The "FDCPA imposes liability on 'debt collectors' who fail to comply with its provisions when collecting a 'debt.'" *Buckman v. Am. Bankers Ins. Co. of Fla.*, 115 F.3d 892, 894-95 (11th Cir. 1997) (citing 15 U.S.C. § 1692k). To prevail on an FDCPA claim, a plaintiff must prove that: (1) the defendant is a "debt collector" under the FDCPA; (2) the plaintiff has been the object of consumer debt collection activity; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. *Buckley v. Bayrock Mtg. Corp.*, No. 1:09-CV-1387-TWT, 2010 WL 476673, at *6 (N.D. Ga. Feb. 5, 2010).

Plaintiff devotes much of his Complaint to legal arguments that SPS (despite being Plaintiff's mortgage loan servicer) is not a "creditor" as defined by the

FDCPA.[6] Plaintiff does not, however, sufficiently allege facts plausibly showing he was the object of consumer debt collection activity, or sufficiently allege facts plausibly showing SPS violated any particular FDCPA provision.

---

[6]    FDCPA liability attaches only to debt collectors, and not to creditors. *See Hasbun v. Recontrust Co., N.A.,* 508 F. App'x. 941, 942 (11th Cir. 2013). The FDCPA defines a creditor as:

> [A]ny person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he received an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

15 U.S.C. § 1692a(4).

Plaintiff alleges SPS "acquired" his mortgage debt after he defaulted, and concludes SPS is therefore excluded from the Section 1692a(4) definition of "creditor". (Compl. ¶ 29.); *see Ware v. Bank of Am. Corp.*, 9 F.Supp.3d 1329, 1337 (N.D. Ga. Jan. 8, 2014) ("[A] consumer's creditors or an assignee of debt are not considered 'debt collectors' so long as the debt was not in default at the time it was assigned.") (citations omitted). However, even if SPS "acquired" Plaintiff's debt after his default (and is therefore excluded from the FDCPA "creditor" definition), SPS is not *automatically* a "debt collector" under the Act. *See Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309 (11th Cir. 2015) (holding that assignee of defaulted debt must *also* (1) principally collect debts *or* (2) regularly collect debts owed or asserted to be owed another to be FDCPA "debt collector"). Though Plaintiff claims SPS is not a "creditor", he does not sufficiently allege facts showing SPS is a "debt collector" governed by the FDCPA. *See Barber v. Rubin Lublin, LLC*, No. 1:13-CV-975-TWT, 2013 WL 6795158, at *9 (N.D. Ga. Dec. 20, 2013) ("[B]y failing to allege any facts showing that the 'principal purpose' of Defendant's business is debt collection, or that Defendant 'regularly' attempts to

Plaintiff alleges that, on or about October 29, 2015, he "received his first dunning notice" from SPS's attorney, and that the "dunning notice" was a "Notice of Sale Under Power" advertising the foreclosure of his interest in the Property. (Compl. ¶ 24.) Plaintiff seems to claim that SPS violated the FDCPA because the "Notice of Sale Under Power" allegedly misidentified SPS as a creditor instead of a debt collector. (Compl. ¶¶ 25-28.)

The "Notice of Sale Under Power" is controlled by Georgia's non-judicial foreclosure statutes, O.C.G.A. § 44-14-162 *et seq.*, and is not debt collection activity. *See Warren v. Countrywide Home Loans, Inc.*, 342 F. App'x 458 (11th Cir. 2009) (finding that enforcement of mortgage through foreclosure process was not FDCPA debt collection activity); *see also*, *e.g.*, *Trent v. Mortg. Elec. Registration Sys., Inc.*, 618 F.Supp.2d 1356, 1360 (M.D. Fla. 2007) (foreclosing on a home does not qualify as "debt collection" because "foreclosing…is an entirely different path. Payment of funds is not the object of the foreclosure action.").

Plaintiff does not allege the "Notice of Sale Under Power" demands payment from him in addition to announcing the foreclosure. *See Dunavant v. Sirote & Permutt, P.C.*, 603 F. App'x. 737, 739-40 (finding foreclosure notice that

---

collect debts, Plaintiff's complaint does not establish that Defendant is a debt collector."). Plaintiff's FDCPA claims fail for this reason alone.

did not also demand payment was not FDCPA debt collection activity). As a consequence, the "Notice of Sale Under Power" cannot support an FDCPA claim against SPS.[7]

Although Plaintiff also alleges SPS "made and/or employed false, deceptive and misleading representations and/or means in connection with the instant cause of action," "harrass[ed], oppress[ed], or abuse[d] Plaintiff in connection with the alleged attempt to collect on this debt and foreclosure of Plaintiff's property," and "failed to validate the alleged debt," Plaintiff alleges no facts to support these conclusory allegations. (Compl. ¶¶ 58, 61, 75, 86.) Plaintiff does not allege how SPS attempted to collect his debt, does not allege when he allegedly requested SPS to validate his debt, does not allege what information he requested, does not allege what SPS did or did not do in response to his alleged validation request, and does not allege that SPS continued "debt collection activity" after he sent a validation request. The Court need not accept Plaintiff's conclusions when considering this motion, and should reject his FDCPA claims.

In sum, Plaintiff has failed to allege facts that plausibly show SPS is a debt collector under the FDCPA, or that it engaged in any debt collection activities that

---

[7]     Further, any FDCPA claim related to the October 29, 2015 letter is barred by the Act's one-year statute of limitations. *See* 15 U.S.C. § 1692k(d).

violated the Act. The Court should accordingly dismiss Plaintiff's FDCPA claims with prejudice.

## 2. Fair Credit Reporting Act

Plaintiff alleges SPS violated the Fair Credit Reporting Act ("FCRA") because it "obtained Plaintiff's consumer credit report and made an inquiry on his report … by misrepresenting to the credit bureaus that [it] had a right to run Plaintiff's credit." (Compl. ¶ 106.) Plaintiff claims SPS's conduct violated 15 U.S.C. §§ 1681q and 1681b(c). (Compl. ¶¶ 106-108.)

Plaintiff fails to allege facts to support a plausible FCRA claim against SPS. For example, Plaintiff fails to allege when SPS made a request to a consumer reporting agency, what consumer reporting agency it allegedly made the request to, or what information SPS obtained as a result. Further, though Plaintiff makes the conclusory allegation that SPS violated 15 U.S.C. § 1681q (prohibiting persons from accessing consumer information from a reporting agency under false pretenses), he fails to allege that SPS used "false pretenses" to access his information.

Plaintiff's allegation that SPS violated 15 U.S.C. §1681b(c) by obtaining his credit information without a "permissible purpose" is meritless. Section 1681b(c) applies only to the duties of consumer reporting agencies, and Plaintiff has not

alleged any facts plausibly showing SPS is a consumer reporting agency. *See* 15 U.S.C. §§ 1681b(a) and (c).[8] The Court should dismiss Plaintiff's FCRA claims with prejudice.

### 3.    Negligence

Plaintiff alleges SPS "has a duty to exercise reasonable care and skill to maintain proper and accurate records" and that its "failure to comply with the requirements of the FCRA" supports an independent negligence claim. (Compl. ¶¶ 116-119.) Plaintiff's alleged negligence claim is preempted by the FCRA, and otherwise fails as a matter of law. *See* 15 U.S.C. § 1681h(e) (providing FCRA preempts state-law negligent reporting claims unless plaintiff can prove defendant acted with malice or willful intent to injure).

The "following elements are essential [to a Georgia-law negligence claim]: (1) a legal duty to conform to a standard of conduct raised by the law for the

---

[8]    15 U.S.C. § 1681b(a) enumerates the "permissible purposes" for which a consumer reporting agency may furnish a consumer report. Among the "permissible purposes" is the furnishing of reports to "a person which [the consumer reporting agency] has reason to believe…intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account," or "to review an account to determine whether the consumer continues to meet the terms of the account." 15 U.S.C. §§ 1681a(3)(A), 1681a(3)(F)(ii). If anything, Plaintiff's allegations demonstrate that SPS may permissibly access his credit information to facilitate its servicing of his loan.

protection of others against unreasonable risk of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty." *Brown v. All-Tech Inv. Group, Inc.*, 265 Ga. App. 889, 893, 595 S.E.2d 517, 521 (2003).

Here, Plaintiff does not allege facts plausibly showing SPS owed him a non-contractual duty as his loan servicer. *See Commercial Bank & Trust Co. v. Buford* 145 Ga. App. 213, 243 S.E.2d 637 (1978) (finding bank's alleged negligence in performance of loan contract obligations will generally not support tort claim); *see also Fielbon Dev. Co., LLC v. Colony Bank of Houston County*, 290 Ga. App. 847, 660 S.E.2d 801 (2008) (rejecting argument that bank owed borrower general duty of care).

Further, Plaintiff does not allege facts plausibly showing SPS's conduct caused him damages. Plaintiff alleges he "has suffered … economic loss, denial of credit, lost opportunity to receive credit, [and] damages to reputation" resulting from his credit report. (Compl. ¶ 118.) However, Plaintiff alleges he has not made a mortgage payment in more than six years. His alleged credit and reputational injuries are caused by his default, not SPS's conduct. *See Haynes v. McCalla Raymer, LLC*, 793 F.3d 1246, 1253 (11th Cir. 2015) ("Haynes failed to make two

payments on the loan … [t]hus, any injury the Haynes suffered is the direct result of their own default on the loan … [i]t is not the result of any allegedly inadequate information included in the notice of foreclosure sale."); *Heritage Creek Dev. Corp. v. Colonial Bank*, 268 Ga. App. 369, 372, 601 S.E.2d 842 (2004) ("Heritage Creek's alleged injury was solely attributable to its own acts or omissions both before and after the foreclosure" because it stopped making loan payments). The Court should therefore dismiss Plaintiff's negligence claim.

### 4.      Intentional Infliction of Emotional Distress

Plaintiff alleges he has suffered emotional distress because SPS "attempt[ed] to take Plaintiff's real property through foreclosure when [it has] no legal right to do so," and because its "acts and/omissions were done intentionally and/or with gross indifference to Plaintiff's rights." (Compl. ¶¶ 121, 122.) Plaintiff's allegations do not support a claim for intentional infliction of emotional distress.

To state a claim for intentional infliction of emotional distress, a plaintiff must demonstrate that: "(1) the conduct giving rise to the claim was intentional or reckless; (2) the conduct was extreme and outrageous; (3) the conduct caused emotional distress; and (4) the emotional distress was severe." *Frank v. Fleet Finance, Inc. of Ga.,* 238 Ga.App. 316, 318, 518 S.E.2d 717 (1999) (citation omitted). The defendant's "conduct must be so extreme in degree, as to go beyond

all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Blue View Corp. v. Bell*, 298 Ga.App. 277, 279, 679 S.E.2d 739 (2009). "Whether a claim rises to the requisite level of outrageousness and egregiousness to sustain a claim for intentional infliction of emotion distress is a question of law." *Id.* The law "intervenes only where the distress inflicted is so severe that no reasonable man can be expected to endure it." *Bridges v. Winn-Dixie Atlanta, Inc.*, 176 Ga.App. 227, 230, 335 S.E.2d 445 (1985).

Here, Plaintiff alleges only that SPS sent him a foreclosure notice. (Compl. ¶ 17.) Though Plaintiff alleges the notice contained misrepresentations, he admits that he has not made a loan payment in more than six years. (Compl. ¶¶ 17, 24, 47.) This alleged conduct is not "extreme and outrageous," and does not support an intentional infliction emotional distress claim as a matter of law. *See Racette v. Bank of America, N.A.*, 318 Ga.App. 171, 179, 733 S.E.2d 457 (2012) (concluding that plaintiffs' allegation that appellees conducted foreclosure sale despite their actual knowledge of inaccuracies in published foreclosure advertisements "cannot be described as extreme, outrageous, atrocious, intolerable or beyond the bounds of decency."); *Frank*, 238 Ga.App. at 318 (finding that property seller's conduct leaving buyers "dangling in an abyss of uncertainty and anguish" was not "extreme and outrageous conduct"). The Court should dismiss the claim with prejudice.

### 5.   Injunctive Relief

Plaintiff alleges SPS's "threatened conduct, unless and until enjoined and restrained by the Court will cause great and irreparable injury" because he will be "deprived of the quiet use and enjoyment of its (sic) real property" and "could lose his real property and be evicted from his home." (Compl. ¶¶ 125, 128.) He seemingly requests injunctive relief preventing the foreclosure of his interest in the Property.

To obtain injunctive relief, a plaintiff must demonstrate:

(1) a substantial likelihood of success on the merits of the underlying case, (2) the movant will suffer irreparable harm in the absence of an injunction, (3) the harm suffered by the movant in the absence of an injunction would exceed the harm suffered by the opposing party it the injunction [is] issues, and (4) an injunction would not disserve the public interest.

*Johnson & Johnson Vision Care v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1246-47 (11th Cir. 2002). "Controlling precedent is clear that injunctive relief may not be granted unless the plaintiff establishes the substantial likelihood of success criterion." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1226 (11th Cir. 2005).

As argued in this Motion, each of Plaintiff's claims fails as a matter of law. He accordingly has not and cannot establish a substantial likelihood of succeeding

on the merits of his claims.[9] Further, Plaintiff cannot enjoin a prospective foreclosure sale without first tendering the amount due on his mortgage loan. *See, e.g., Edward v. BAC Home Loans Serv., L.P.*, 534 F. App'x 888, 892 (11th Cir. 2013) ("[A] debtor who executes a security deed and defaults on a loan cannot enjoin foreclosure, or otherwise obtain equitable relief to cancel the deed, unless the debtor has first paid or tendered the amount due on the loan."). Plaintiff admits he stopped repaying his loan in 2012, and has not tendered or offered to tender his arrearage. The Court should therefore deny Plaintiff any injunctive relief.

### 6. Wrongful Foreclosure ("Defendant does not have interest")

In Plaintiff's sixth cause of action (mistakenly numbered his "seventh" cause of action, and titled "Defendant Does Not Have Interest"), he asserts that neither Countrywide Bank, Bank of America, HSBC, MERS, nor any other party "has recorded a transfer of beneficial interest in [his Promissory] Note to [SPS] – only the transfer of servicing rights." (Compl. ¶ 130.) He contends that SPS therefore

---

[9]     Additionally, alleged FDCPA violations do not support injunctive relief. *See* 15 U.S.C. § 1692k (providing for private litigants' right to recover actual and statutory damages); *Sibley v. Fulton DeKalb Collection Serv.*, 677 F.2d 830, 834 (11th Cir. 1982) (observing in *dicta* that FDCPA does not provide for injunctive relief); *Crawford v. Equifax Payment Servs., Inc.*, 201 F.3d 877. 882 (7th Cir. 2000) ("[A]ll private actions under the Fair Debt Collections Practices Act are for damages.").

"does not have standing to enforce the Note" and "cannot foreclose on Plaintiff's property." (Compl. ¶¶ 131, 133.) Plaintiff does not pray for any specific relief relating to these allegations, and fails to give SPS fair notice of the claim against it.

To the extent Plaintiff is trying to plead a wrongful foreclosure claim, he fails. Plaintiff alleges SPS and other entities advertised and scheduled various foreclosure sales beginning in 2015, but does not allege that a foreclosure ever took place. Plaintiff thus fails to allege facts showing SPS breached a foreclosure duty owed to him, and that he was damaged by the breach. *See Heritage Creek Dev. Corp. v. Colonial Bank*, 268 Ga. App. 369, 371, 601 S.E.2d 842 (2004) (finding plaintiff must "establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages" to assert wrongful foreclosure claim); *see also Sibley v. Nat'l City Mortg. Co.*, 560 F. App'x 825, 827 (11th Cir. 2014) ("[Plaintiffs] complained about a wrongful foreclosure, but in the absence of a 'sale of the property, [they] suffered no legal injury and proved no actual damages' to support their claim for relief"). The Court should therefore dismiss the claim.

### 7.    Georgia Fair Business Practices Act

Plaintiff alleges SPS violated the FBPA by "making false and misleading statements about [its] services claiming to be something other than debt collectors

or servicers[.]" (Compl. ¶ 137.) However, mortgage servicing and foreclosure allegations cannot support an FBPA claim against SPS.

The Georgia Court of Appeals has found that the FBPA is restricted in "application only to the unregulated consumer marketplace" and "[does] not apply in regulated areas of activity, because regulatory agencies provide protection or the ability to protect against the known evils in the area of the agency's expertise." *Chancellor v. Gateway Lincoln-Mercury, Inc.*, 233 Ga.App. 38, 45, 502 S.E.2d 799 (1998). "Since the area of mortgage transactions is heavily regulated by the Truth in Lending Act, the Real Estate Settlement Procedures Act, and the Georgia Residential Mortgage Act, courts have found it appropriate to dismiss FBPA claims that allege injury based on mortgage transactions." *Jenkins v. BAC Home Loan Servicing, LP*, 822 F.Supp.2d 1369, 1372 (M.D. Ga. 2011) (citing, e.g., *Jackman v. Hasty*, No. 1:10-cv-2485-RWS, 2011 WL 854878, at *6 (N.D. Ga. Mar. 8, 2011)). Plaintiff's FBPA claim therefore fails as a matter of law and should be dismissed.

## CONCLUSION

Plaintiff has admittedly not made a mortgage payment in more than six years. His Complaint, like his previous two, is a non-specific form document containing meritless legal conclusions instead of alleged facts. Each of Plaintiff's

claims is barred by *res judicata* and fails as a matter of law, and amendment would be futile. The Court should therefore grant SPS's motion and dismiss this action with prejudice.

Respectfully submitted this 12th day of October, 2018.

*/s/ Louis G. Fiorilla*
Louis G. Fiorilla
lfiorilla@burr.com
Georgia Bar No. 910188
Alan D. Leeth
Georgia Bar No. 472031

Attorneys for Select Portfolio
Servicing, Inc.

**BURR & FORMAN LLP**
171 17th Street, Suite 1100
Atlanta, Georgia  30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of October, 2018, I presented the foregoing **MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** to the Clerk of Court for filing and uploading to the CM/ECF system, and that I served a true and correct copy of the document via United States First Class Mail, postage prepaid, addressed as follows:

> Darryl M. Reshaw
> 345 Phillips Dr.
> Fayetteville, Georgia 30214
> *Plaintiff pro se*

> */s/ Louis G. Fiorilla*
> Louis G. Fiorilla
> Georgia Bar No. 910188
> lfiorilla@burr.com

**BURR & FORMAN LLP**
171 17th Street, Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244