## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

DARRYL M. RESHAW,

                Plaintiff,

        v.

SELECT PORTFOLIO SERVICING,
INC.,

              Defendant.

CIVIL ACTION

NO. 3:18-cv-00109-TCB-RGV

## MAGISTRATE JUDGE'S FINAL REPORT,
## RECOMMENDATION, AND ORDER

Plaintiff Darryl M. Reshaw ("Reshaw"), proceeding *pro se*, has filed this action against defendant Select Portfolio Servicing, Inc. ("SPS"), alleging claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and the Georgia Fair Business Practices Act ("GFBPA"), O.C.G.A. § 10-1-390 et seq., as well as various other state law claims, arising out his defaulted mortgage loan. [Doc. 1].[1] SPS moves to dismiss this action for failure to state a claim, [Doc. 4], and to stay discovery, [Doc. 10], pending the Court's ruling on its motion to dismiss. Reshaw opposes the motion to dismiss, [Doc. 7], and SPS has filed a reply in support of its motion, [Doc. 8]. Reshaw has not filed a response to the motion to stay discovery,

---

[1] The listed document and page numbers in citations to the record refer to the document and page numbers shown on the Adobe file reader linked to the Court's electronic filing database, CM/ECF.

so that motion is deemed unopposed.  <u>See</u> LR 7.1B, NDGa.  For the reasons that follow, the motion to stay discovery, [Doc. 10], is **GRANTED**,[2] and it is **RECOMMENDED** that SPS's motion to dismiss [Doc. 4], be **GRANTED.**

## I.  FACTUAL AND PROCEDURAL BACKGROUND

This action concerns the real property located at 345 Phillips Drive, Fayetteville, Georgia ("the property").[3]  <u>See</u> [Doc. 1 at 4 ¶ 12].  On April 30, 2007, Reshaw obtained a mortgage loan in the original principal amount of $569,000.00 from Countrywide Bank, FSB ("Countrywide") and used the proceeds of the loan to purchase the property.  [<u>Id.</u>].  The transaction was secured by the property pursuant to a security deed executed by Reshaw, conveying the property to Mortgage Electric Registration Systems, Inc. ("MERS"), as grantee-nominee for Countrywide.  [<u>Id.</u> at 4 ¶ 13].[4]  In May 2012, the security deed was assigned to HSBC Bank USA, National Association, as Trustee for the Holders of the Deutsche ALT-A

---

[2] SPS seeks a stay of discovery until after the Court rules on its motion to dismiss.  <u>See</u> [Doc. 10].  Upon consideration of the unopposed motion to stay, the Court hereby **GRANTS** the motion, and **ORDERS** that discovery be stayed until the District Judge reviews this Report and Recommendation on the pending motion to dismiss.

[3] The factual background is taken from the pleadings and does not constitute findings of fact by the Court.

[4] The security deed was recorded on May 14, 2007, at Deed Book 3229, Page 467, of the Fayette County, Georgia, real estate records.  [Doc. 1 at 4 ¶ 14].

Securities, Inc., Mortgage Loan Trust, Mortgage Pass-Through Certificates Series 2007-OA3 ("HSBC"), [id. at 5 ¶ 16], and Reshaw subsequently defaulted on his obligations owed under the loan and security deed, [id. at 5 ¶ 17].

This is the third lawsuit Reshaw has filed challenging the servicing and foreclosure of the mortgage loan.[5]  On May 17, 2013, he first filed a "Verified Complaint for Fraudulent Conversion" in the Superior Court of Fayette County, Georgia, in which he named Bank of America, N.A. ("BANA"), and HSBC as defendants and generally challenged their standing to initiate foreclosure proceedings against the property.  See Reshaw v. Bank of Am. N.A., Civil Action File No. 3:13-cv-00105-TCB, at [Doc. 1-1] (N.D. Ga. June 21, 2013).  After timely removing the complaint to this Court on June 21, 2013, see id. at [Doc. 1], BANA and

---

[5] He also has filed multiple bankruptcy petitions.  Specifically, in June of 2012, Reshaw filed a Chapter 13 bankruptcy petition in the Northern District of Georgia, see In re Reshaw, Bankr. Petition No. 12-11621-whd, at [Doc. 1] (Bankr. N.D. Ga. June 4, 2012), but the petition was dismissed by the bankruptcy court on August 16, 2012, see id. at [Doc. 30].  Later that year, on December 31, 2012, Reshaw filed another Chapter 13 bankruptcy petition in the Northern District of Georgia, see In re Reshaw, Bankr. Petition No. 12-13649-whd, at [Doc. 1] (Bankr. N.D. Ga. Dec. 31, 2012); however, on April 1, 2013, the bankruptcy court once again dismissed the petition, see id. at [Doc. 29], on the basis that Reshaw's "willful failure to abide by orders of the Court and to properly prosecute consecutive Chapter 13 cases" had resulted in "prejudicial delay in protecting the rights and interests of [his] various creditors," id. at [Doc. 29 at 2].  In April of 2018, Reshaw filed a third Chapter 13 bankruptcy petition in the Northern District of Georgia, see In re Reshaw, Bankr. Petition No. 18-10692-whd, at [Doc. 1] (Bankr. N.D. Ga. Apr. 2, 2018), but the case was dismissed on June 8, 2018, after Reshaw "filed a request for dismissal pursuant to 11 U.S.C. Section 1307(b)," id. at [Doc. 30].

HSBC filed a motion to dismiss the complaint, see id. at [Doc. 3]. However, Reshaw subsequently moved to voluntarily dismiss his complaint without prejudice, see id. at [Doc. 4], and on November 25, 2013, the Court entered an Order granting Reshaw's motion and dismissing the action without prejudice, see id. at [Doc. 5].

On June 17, 2014, Reshaw filed another action in the Superior Court of Fayette County, Georgia against SPS, see Reshaw v. Select Portfolio Servicing, Inc., Civil Action File No. 3:14-cv-00121-TCB, at [Doc. 1-1] (N.D. Ga. Jan. 29, 2015), along with an "Emergency Injunction to Cancel or Postpone the Sale of Property," id. at [Doc. 1-1 at 26-32 & Doc. 2], in which he alleged that SPS lacked standing to foreclose on the property because it was neither Reshaw's "Creditor [n]or the Authorized Servicer," and because it had failed to "prove" that it is the "Holder" of the "Original Promissory Note," see id. at [Doc. 1-1 at 8 ¶¶ 26-28, 11 ¶ 44 (emphasis and footnote omitted)]; see also id. at [Doc. 1-1 at 33-37 (reiterating, in his "Addendum to Plaintiff's Complaint," that SPS "is not [Reshaw's] creditor or the Loan's servicer," and thus "holds no interest in the Note or the Security Deed")] & [Doc. 9 at 2-3 (identifying "the big issue" as whether "[HSBC] ha[s] standing to pursue foreclosure against the Plaintiffs")]. Reshaw further asserted that SPS was liable for breach of the covenant of good faith and fair dealing, id. at [Doc. 1-1 at 14], "illegal coversion [sic]," id. at [Doc. 1-1 at 7-10 (emphasis omitted)], unfair and deceptive business

practices, id. at [Doc. 1-1 at 14], fraud and "attempted fraud," id. at [Doc. 1-1 at 15 (emphasis omitted)], unjust enrichment and unconscionable conduct, id. at [Doc. 1-1 at 16-17], failure to provide "adequate assurances" under "Georgia's uniform commercial code," id. at [Doc. 1-1 at 16 ¶ 78, 17 ¶ 82], and attempted wrongful foreclosure, id. at [Doc. 1-1 at 10-13]. The complaint also included references to purported violations of the FDCPA, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. Id. at [Doc. 1-1 at 6 ¶¶ 20, 22, 15-16 ¶¶ 71-73]. On July 25, 2014, SPS removed the action to this Court, see id. at [Doc. 1], and subsequently filed a motion to dismiss the complaint under Rule 12(b)(6), id. at [Doc. 5]. After a Report and Recommendation was entered recommending that SPS's motion to dismiss be granted, id. at [Doc. 12], Reshaw again voluntarily dismissed the action, id. at [Doc. 14].

In the current action, Reshaw asserts several claims for relief, alleging that SPS violated the FDCPA, the FCRA, and the GFBPA; asserting other state law claims of negligence, wrongful foreclosure, and intentional infliction of emotional distress; and seeking damages and injunctive relief. [Doc. 1]. SPS moves to dismiss this action for failure to state a claim, arguing that Reshaw's voluntary dismissal of the two prior actions operates as an adjudication on the merits under Rule 41(a)(1)(B)'s

"two-dismissal rule," and his claims are therefore barred by res judicata and collateral estoppel, and that his claims also fail as a matter of law.  [Doc. 4 at 6 (internal marks omitted)].  Reshaw opposes the motion to dismiss, contending that this action is not barred by res judicata or collateral estoppel and that he has asserted plausible claims on which relief may be granted.  [Doc. 7].  SPS has filed a reply, [Doc. 8], in support of its motion to dismiss.

## II. DISCUSSION

### A.   Legal Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of an action when the complaint fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss, the court must accept Reshaw's allegations as true and construe the complaint in his favor.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993) (citation omitted).[6]  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss

---

[6] "However, the court need not 'accept as true a legal conclusion couched as a factual allegation.'" Smith v. Delta Air Lines, Inc., 422 F. Supp. 2d 1310, 1324 (N.D. Ga. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).  "Additionally, '[c]onclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint.  If the appended document . . . reveals facts which foreclose recovery as a matter of law, dismissal is appropriate.'" Id. (alterations in original) (footnote omitted) (quoting Associated Builders, Inc. v. Ala. Power Co., 505 F.2d 97, 100 (5th Cir. 1974)).  Decisions of the Fifth Circuit rendered before October 1, 1981, are binding precedent in the Eleventh Circuit.  Bonner v. City

does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations and internal marks omitted).

Furthermore, "Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Broner v. Wash. Mut. Bank, FA, 258 F. App'x 254, 256 (11th Cir. 2007) (per curiam) (unpublished) (quoting Fed. R. Civ. P. 8(a)(2)).[7] "Factual allegations must be enough to raise a right to relief above the speculative level," Twombly, 550 U.S. at 555 (citation omitted), as the complaint must contain "enough facts to state a claim to relief that is plausible on its face," id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[7] Rule 10(b) of the Federal Rules of Civil Procedure also requires that the allegations of a claim be made "in numbered paragraphs, each limited as far as practicable to a single set of circumstances . . . . [and] [e]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count[.]" Fed. R. Civ. P. 10(b).

alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).

An action barred by res judicata or collateral estoppel is properly dismissed for failure to state a claim pursuant to Rule 12(b)(6). See Brown v. One Beacon Ins. Co., 317 F. App'x 915, 918 (11th Cir. 2009) (per curiam) (unpublished) (citation omitted) ("The district court properly dismissed the action under Rule 12(b)(6) as barred by the doctrine of *res judicata*[.]"); McIntyre v. JPMorgan Chase Bank, NA, CIVIL ACTION FILE NO. 1:14-CV-04017-MHC-JFK, 2015 WL 11422303, at \*5 n.8, \*8 (N.D. Ga. Mar. 23, 2015) (dismissing plaintiff's complaint with prejudice under Rule 12(b)(6) based on the doctrines of res judicata and collateral estoppel); Krauser v. Evollution IP Holdings, Inc., 975 F. Supp. 2d 1247, 1252 (S.D. Fla. 2013) (citing Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1184–85 (11th Cir. 2003)) ("affirming district court's dismissal on grounds of *res judicata* under Rule 12(b)(6)").

Finally, although *pro se* pleadings are governed by less stringent standards than pleadings prepared by attorneys, see Haines v. Kerner, 404 U.S. 519, 520 (1972); Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (citation omitted), *pro se* parties are still required to comply with minimum pleading standards set forth in the Federal Rules of Civil Procedure and this District's Local Rules, Grew v. Hopper, No. 2:07-cv-550-FtM-34SPC, 2008 WL 114915, at \*2 (M.D.

Fla. Jan. 9, 2008) (citations omitted); <u>see also</u> <u>Beckwith v. Bellsouth Telecomms., Inc.</u>, 146 F. App'x 368, 371 (11th Cir. 2005) (per curiam) (unpublished) (citation omitted) (noting that although they are construed liberally, "*pro se* complaints also must comply with the procedural rules that govern pleadings").

**B.    <u>Res Judicata</u>**

SPS first argues that Brown's claims are barred by res judicata.  [Doc. 4 at 7-10].  Under the principle of res judicata, a final judgment on the merits in a civil action operates to preclude parties or their privies from re-litigating in a subsequent proceeding issues that were or could have been raised in the original action. <u>Federated Dep't Stores, Inc. v. Moitie</u>, 452 U.S. 394, 398 (1981) (citations omitted). "Whether in federal or state courts, 'res judicata . . . relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication.'" <u>Davis v. U.S. Steel Supply</u>, 688 F.2d 166, 174 (3d Cir. 1982) (en banc) (citations omitted) (quoting <u>Allen v. McCurry</u>, 449 U.S. 90, 94  (1980)).  "The doctrine of res judicata is one of finality, providing that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights and responsibilities of the parties and their privies." <u>Baptiste v. Comm'r of Internal Revenue</u>, 29 F.3d 1533, 1539 (11th Cir. 1994). "As to the parties to the prior proceeding and their privies, res judicata constitutes

an absolute bar to a subsequent judicial proceeding involving the same cause of action." Id. (citations omitted).

For res judicata to apply, four elements must exist: (1) a final judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) identical parties (or their privies) in both actions, and (4) the same cause of action at issue in both cases. In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001) (citations omitted); see also Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999); Ray v. Tenn. Valley Auth., 677 F.2d 818, 821 (11th Cir. 1982); Clark v. Comm'r of Internal Revenue, No. CV409-058, 2009 WL 1363411, at *2 (S.D. Ga. Mar. 30, 2009), adopted by 2009 WL 1034785, at *1 (S.D. Ga. Apr. 16, 2009).[8] "Generally both the party invoking res judicata and the party against whom it is invoked must have been represented in the prior action for res judicata to apply." Vereen v. Everett, Civil

---

[8] Similarly, in Georgia, "[t]hree prerequisites must be satisfied before res judicata applies–(1) identity of the cause of action, (2) identity of the parties or their privies, and (3) previous adjudication on the merits by a court of competent jurisdiction." Davis v. Green, No. 1:12-cv-3549-WSD, 2015 WL 1729879, at *3 (N.D. Ga. Apr. 13, 2015) (alteration in original) (internal marks omitted) (quoting Karan, Inc. v. Auto-Owners Ins. Co., 629 S.E.2d 260, 262 (Ga. 2006); O.C.G.A. § 9-12-40)); see also Smith v. Commonwealth Bank, 1:14-CV-00858-ELR, 2014 WL 12042552, at *2 n.1 (N.D. Ga. Dec. 29, 2014) (citations omitted) (recognizing a conflict within the Eleventh Circuit about whether state or federal res judicata principles apply to diversity cases, but determining that it need not resolve the conflict since "Georgia and federal res judicata standards contain the same elements, and, therefore, the result of the analysis is the same for both standards").

Action No. 1:08-CV-1969-RWS, 2009 WL 901007, at *3 (N.D. Ga. Mar. 31, 2009) (internal marks omitted) (quoting Akin v. PAFEC Ltd., 991 F.2d 1550, 1559 (11th Cir. 1993)).

Reshaw argues that his claims are not barred by res judicata because neither of his previous cases "were ever actually litigated, as those matters were voluntarily dismissed," [Doc. 7 at 4], so there "never was a judgment in either of the previous litigations," [id. at 5], and his causes of action in the current case are different because he asserts claims under the FDCPA and the FCRA, "neither of which were involved in either of the previous litigations," [id. at 4]. Reshaw also contends that the two dismissal rule does not apply to his previous cases because those cases involved two different defendants, BANA and SPS, and because he is "suing under a different cause of action from the first two lawsuits." [Id. at 5]. However, Reshaw's arguments are unavailing.

"Rule 41(a)(1) allows plaintiffs to dismiss an action without court order before the opposing party files an answer or a summary-judgment motion." Sealey v. Branch Banking & Tr. Co., 693 F. App'x 830, 834 (11th Cir. 2017) (per curiam) (unpublished) (citing Fed. R. Civ. P. 41(a)(1)(A)(i)). "Ordinarily, 'the dismissal is without prejudice[,]' [b]ut, under the so-called two-dismissal rule, 'if the plaintiff previously dismissed any federal- or state-court action based on or including the

same claim, a notice of dismissal operates as an adjudication on the merits.'" Id. (citation omitted).  The Eleventh Circuit has explained that "the primary purpose of the two-dismissal rule is to prevent unreasonable abuse of the plaintiff's unilateral right to dismiss an action." Id. (citing ASX Inv. Corp. v. Newton, 183 F.3d 1265, 1268 (11th Cir. 1999)).   The two-dismissal rule "applies if the defendants in the consecutive cases are the same, substantially the same or in privity with each other." Jung v. Deutsche Bank Nat'l Tr. Co., C.A. No. 17-295WES, 2017 WL 7792573, at *2 (D.R.I. Sept. 26, 2017), adopted by 2018 WL 1054351, at *1 (D.R.I. Feb. 23, 2018) (citation omitted).

The two dismissal rule applies here, rendering Reshaw's second voluntary dismissal an adjudication on the merits of the claims asserted in that action that had been asserted in the first action he also voluntarily dismissed.  While Reshaw argues that he has brought new claims in the present action that were not previously asserted in his prior complaints, the relevant comparison for purposes of the two dismissal rule is of the claims asserted in the two prior cases, not the claims involved in the new case.  In his first complaint, Reshaw generally challenged the standing of BANA and HSBC to initiate foreclosure proceedings against the property, asserting claims under the FDCPA, RESPA, and the GFBPA, along with other state law claims, including fraudulent conversion. See Reshaw, Civil Action File No. 3:13-

cv-00105-TCB, at [Doc. 1-1].  In his second complaint, Reshaw challenged SPS's standing to foreclose on the property, asserting claims under the FDCPA, RESPA, and TILA, as well as state law claims for breach of the covenant of good faith and fair dealing, "illegal coversion [sic]," unfair and deceptive business practices, fraud and "attempted fraud," unjust enrichment and unconscionable conduct, failure to provide "adequate assurances" under "Georgia's uniform commercial code," and attempted wrongful foreclosure.  See Reshaw, Civil Action File No. 3:14-cv-00121-TCB, at [Doc. 1-1].  Although Reshaw named different defendants in the two prior actions, BANA, HBSC, and SPS were in privity, and thus, the claims asserted in the second action were the same as the claims asserted in the first action, and they were based on the same arguments challenging the standing of the defendants to collect his defaulted and unpaid loan balance or to foreclose his interest in the property.   "Courts acknowledge that privity exists between preceding and succeeding owners of property," and "[s]imilarly, assignees and servicing agents of a loan are in privity with an original mortgage company."  Ernest v. CitiMortgage, Inc., No. SA:13–CV–802–DAE, 2014 WL 294544, at *4 (W.D. Tex. Jan. 22, 2014) (citations omitted); see also Bailey v. Deutsche Bank Tr. Co. Ams., No. 3:13–CV–00001 (CAR), 2013 WL 820411, at *2-3 (M.D. Ga. Mar. 5, 2013); Crooked Creek Props., Inc. v. Ensley, No. 2:08-CV-1002-WKW[WO], 2009 WL 3644835, at *16

13

(M.D. Ala. Oct. 28, 2009), aff'd, 380 F. App'x 914 (11th Cir. 2010) (per curiam) (unpublished).  "SPS, the loan servicer, and [HSBC], the loan holder, are plainly in privity with one another," Moreland v. Bank of N.Y. Mellon, No. CV 214-112, 2015 WL 4274419, at *4 (S.D. Ga. July 14, 2015), aff'd, 669 F. App'x 971 (11th Cir. 2016) (per curiam) (unpublished) (citation omitted); see also Givenchy v. Countrywide Home Loans, Inc., CIVIL ACTION NO. 1:18-cv-02180-SCJ-RGV, 2018 WL 6829074, at *5 n.11 (N.D. Ga. Nov. 21, 2018), adopted by 2018 WL 6829057, at *1 (N.D. Ga. Dec. 13, 2018).  Because the second action Reshaw filed against SPS included claims previously asserted in the first action against BANA and HSBC, and these parties are in privity, his voluntary dismissal of the second action operated as an adjudication on the merits of those claims, which all arose out of the attempted foreclosure of the property.[9]

---

[9] Reshaw argues in his response brief that the two dismissal rule does not apply in this case and cites Librizzi v. Ocwen Loan Servicing, LLC, 120 F. Supp. 3d 1368 (S.D. Fla. 2015), in support of his assertion.  [Doc. 7 at 5].  In Librizzi, the court found that the state court's dismissal of plaintiff's first action against the loan servicer without prejudice did not operate as a first dismissal for purposes of the two dismissal rule because the plaintiff achieved the voluntary dismissal by motion and order of the court.  Librizzi, 120 F. Supp. 3d at 1377.  The court in Librizzi relied on the Eleventh Circuit's decision in ASX Investment Corp., 183 F.3d at 1268, see Librizzi, 120 F. Supp. 3d at 1377, in which the Eleventh Circuit found "no basis for reading the two dismissal rule to apply where the first dismissal is achieved by motion and order of the court," ASX Inv. Corp., 183 F.3d at 1268 (footnote omitted). The Eleventh Circuit explained that "Rule 41(a)(1), in which the two dismissal rule appears, provides for dismissal by a plaintiff without order of court by the filing of a timely notice of dismissal or a stipulation of dismissal signed by all parties," and

Having found that Reshaw's voluntary dismissal of the prior action against SPS was an adjudication on the merits under the two dismissal rule, the first element for application of res judicata is satisfied. Reshaw does not contest the second element, see [Doc. 7], and since the prior action was pending in this Court when Reshaw voluntarily dismissed it, the adjudication under the two dismissal rule was by a court of competent jurisdiction. The third element for application of res judicata likewise is satisfied since the parties in this action were the same parties in the second action that Reshaw voluntarily dismissed. See Reshaw, Civil Action File No. 3:14-cv-00121-TCB, at [Doc. 1-1].

---

'[d]ismissal on plaintiff's motion and by order of court, on the other hand, is provided for in Rule 41(a)(2)." Id. at 1267. The Eleventh Circuit further explained that "Rule 41(a)(1) and Rule 41(a)(2) each ends with a sentence explaining the effect of dismissal obtained under their respective provisions," as the "last sentence [in Rule 41(a)(1)] includes the two dismissal rule," with "no two dismissal rule set out in Rule 41(a)(2)." Id. at 1267-68. While Reshaw filed a motion to voluntarily dismiss without prejudice, which was granted by the Court, see Reshaw v. Bank of Am. N.A., Civil Action File No. 3:13-cv-00105-TCB, at [Docs. 4 & 5], it is clear from a review of the Court's Order that Reshaw's motion to dismiss was construed to be a notice of dismissal, and the case was dismissed without prejudice pursuant to Rule 41(a)(1), id. at [Doc. 5 at 2]; see also Carter v. United States, 547 F.2d 258, 259 & n.2 (5th Cir. 1977) (citation omitted) (attributing "no significance to plaintiff's styling of the document as 'motion to dismiss' rather than a 'notice of dismissal'" since "[u]nless a defendant has filed an answer or summary judgment motion, the governing provision is rule 41(a)(1)"). Thus, the two dismissal rule applies, see Davis v. Ocwen Loan Servicing, LLC, Civil Action File No. 1:15-CV-782-TWT, 2015 WL 3988702, at *1, 3 (N.D. Ga. June 30, 2015), adopted at *1, and Reshaw's reliance on Librizzi is misplaced.

15

As for the fourth element, Reshaw contends that res judicata does not apply because his causes of action in the current case are different since he asserts claims under the FDCPA and the FCRA, "neither of which were involved in either of the previous litigations." [Doc. 7 at 4]. As an initial matter, his assertion that his FDCPA claim in the current case is new is belied by a simple review of his prior complaints in which he asserted claims under the FDCPA in each complaint. See Reshaw, Civil Action File No. 3:14-cv-00121-TCB, at [Doc. 1-1]; Reshaw, Civil Action File No. 3:13-cv-00105-TCB, at [Doc. 1-1]. Moreover, even if the FDCPA claim and other claims included in the current complaint were not asserted in the prior action against SPS, identical claims and legal theories are not required for res judicata to apply. Rather, "'[i]f a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, . . . the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata.'" Milburn v. Aegis Wholesale Corp., Civil Action No. 1:12–CV–1886–RWS, 2013 WL 1747915, at *4 (N.D. Ga. Apr. 22, 2013) (second alteration in original) (quoting Citibank, N.A. v. Data Lease Fin. Corp., 904 F.2d 1498, 1503 (11th Cir. 1990)); see also Home Depot U.S.A., Inc. v. U.S. Fire Ins. Co., 299 F. App'x 892, 896 (11th Cir. 2008) (per curiam) (unpublished). The instant action clearly constitutes the same cause of action as Reshaw's previous action since the earlier action against SPS was based on the same

16

core nucleus of operative fact and raised some of the same claims and allegations as

those presented in this action.[10]  Consequently, the fourth and final element of res

---

[10] Moreover, the addition of new claims in the current complaint that were not asserted in the prior action is of no moment because "[r]es judicata applies not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact," Draper v. Atlanta Indep. Sch. Sys., 377 F. App'x 937, 939 (11th Cir. 2010) (unpublished) (citation and internal marks omitted), and it therefore "bars the filing of claims which were raised *or could have been raised* in an earlier proceeding," Ragsdale, 193 F.3d at 1238 (emphasis added) (citation omitted); see also Aning v. Fed. Nat'l Mortg. Ass'n, 754 F. App'x 816, 819-20 (11th Cir. 2018) (per curiam) (unpublished) (citations omitted) (finding that plaintiffs could not "create a new cause of action by asserting a new theory of recovery" and that the distinction between "fil[ing] a motion for an injunction and not a complaint" was not relevant "for res judicata purposes," since the two "arise from the same core facts," and "two claims are identical when they are based on the same allegations of misconduct, and the underlying allegation of misconduct in both cases is the defendants' improper foreclosure of the . . . property"); Manning v. City of Auburn, 953 F.2d 1355, 1358 (11th Cir. 1992) (citation omitted) (explaining that res judicata "bars relitigation of matters that were litigated or could have been litigated in [the] earlier suit"); Gjellum v. City of Birmingham, 829 F.2d 1056, 1059–60 (11th Cir. 1987) (citation and internal marks omitted) ("[W]hen a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties . . . are thereafter bound not only as to every matter which was offered and received to sustain or defeat the claim . . . but as to any other admissible matter which might have been offered for that purpose."); Neely v. City of Riverdale, 681 S.E.2d 677, 679 (Ga. Ct. App. 2009) ("The doctrine [of res judicata] applies even if some new factual allegations have been made[ or] some new relief has been requested . . . . It is only where the merits were not *and* could not have been determined under a proper presentation and management of the case that res judicata is not a viable defense."); Franklin v. Gwinnett Cty. Pub. Sch., 407 S.E.2d 78, 83 (Ga. Ct. App. 1991), superseded by statute on other grounds as stated in, One Bluff Drive, LLC v. K.A.P., Inc., 766 S.E.2d 508, 513 (Ga. Ct. App. 2014) (citation omitted) (citing Spence v. Erwin, 38 S.E.2d 394, 396-97 (Ga. 1946)) (defining a cause of action "as 'all the facts which together constitute the plaintiff's right to maintain the action,'" and explaining that, "when a subsequent action arises from the same wrong as a prior action and is based on essentially the same facts, the subsequent

judicata is satisfied, and Reshaw's complaint is due to be dismissed as barred by res judicata.  See Vereen, 2009 WL 901007, at *3 (finding claims barred by res judicata where "a comparison of the allegations in the [earlier and later complaints] . . . show[ed] that all of the previous litigation arises from the same nucleus of operative facts"); see also Milburn, 2013 WL 1747915, at *4 (applying res judicata where "[i]n both cases, Plaintiff challenged [the] authority to foreclose on the property," and where "[t]he same Property, Note, Security Deed, and Assignment [were] at issue in both suits").  Accordingly, it is **RECOMMENDED** that Reshaw's complaint be **DISMISSED WITH PREJUDICE** as barred by res judicata.[11]

---

action should be barred by res judicata").

[11] Because Reshaw's complaint clearly is barred by res judicata, or claim preclusion, there is no need for the Court to address SPS's alternative argument that collateral estoppel, or issue preclusion, bars Reshaw's claims.  See Mathis v. Laird, 457 F.2d 926, 927 (5th Cir. 1972) (per curiam) ("Since *res judicata* clearly bars the bringing of this action, it is not necessary to consider the other grounds for denying relief."); Aning v. Fed. Nat'l Mortg. Ass'n, CIVIL ACTION NO. 1:17-cv-00113-TWT-RGV, 2017 WL 2991802, at *6 n.11 (N.D. Ga. Apr. 14, 2017), adopted by 2017 WL 2986626, at *1 (N.D. Ga. July 13, 2017), aff'd in part, 754 F. App'x at 816 (citation omitted) ("Because this action is due to be dismissed as barred by *res judicata*, there is no need for the Court to consider defendants' alternative argument that collateral estoppel provides an additional basis for dismissal."); Johnson v. Girl Scouts of the USA, CIVIL ACTION NO. 1:13-cv-01293-SCJ-RGV, 2013 WL 11328165, at *11 n.21 (N.D. Ga. Sept. 13, 2013), adopted by 2013 WL 11328166, at *1 (N.D. Ga. Nov. 18, 2013), aff'd, 596 F. App'x 797 (11th Cir. 2015) (per curiam) (unpublished) (declining to consider defendants' alternative arguments for dismissal of plaintiff's complaint since plaintiff's claims were barred by res judicata).  However, to the extent Reshaw's claims are not barred by res judicata because they are based on conduct that occurred after the second voluntary dismissal, the Court will address the merits

**C.**   **Motion to Dismiss for Failure to State a Claim**

Reshaw asserts claims against SPS under the FDCPA, the FCRA, and the GFBPA, as well as other state law claims of negligence, wrongful foreclosure, and intentional infliction of emotional distress, and he seeks damages and injunctive relief. [Doc. 1]. SPS argues that Reshaw's complaint fails as a matter of law because he has not asserted any plausible claims against it. [Doc. 4 at 11-23]. Reshaw opposes the motion, in part, [Doc. 7], and the Court will address the merits of the claims asserted in his complaint.[12]

---

of the additional arguments asserted in SPS's motion to dismiss.

[12] SPS correctly points out in its reply, [Doc. 8 at 9], that Reshaw's response only addresses his FDCPA and FCRA claims, and since he has failed to respond to its arguments for dismissal of his state law claims, he may be deemed to have abandoned those claims. "[I]n this district, failure to respond to arguments relating to a claim in the plaintiff's initial response to the motion constitutes abandonment of the claim." Moreno v. Turner, CIVIL ACTION NO. 1:13-CV-01518-RLV-JCF, 2013 WL 12095213, at *3 (N.D. Ga. Dec. 19, 2013), adopted by 2014 WL 12527483, at *1 (N.D. Ga. Jan. 31, 2014), aff'd on other grounds, 572 F. App'x 852 (11th Cir. 2014) (per curiam) (unpublished) (citation and internal marks omitted). "This principle applies . . . to justify dismissal of [Reshaw's] claims on the grounds that they have been abandoned." White v. GA Dep't of Motor Vehicle Safety, Civil Action File No. 1:06-CV-0124-TWT, 2006 WL 1466254, at *1 (N.D. Ga. May 19, 2006), adopted at *1. Accordingly, it is **RECOMMENDED** that Reshaw's state law claims be **DISMISSED** as abandoned, but the Court will still address the merits of SPS's arguments for dismissal of these claims.

1.    *FDCPA*

Reshaw alleges that SPS violated numerous provisions of the FDCPA, including 15 U.S.C. §§ 1692d, 1692e, 1692f, 1692g, 1692i, and 1692j, in connection with pursuing collection of a disputed and unverified debt and seeking to foreclose when it lacked standing to do so.  [Doc. 1 at 20-28 ¶¶ 67-101].  SPS argues that Reshaw "has failed to allege facts that plausibly show SPS is a debt collector under the FDCPA, or that it engaged in any debt collection activities that violated the Act." [Doc. 4 at 14-15].  Specifically, SPS asserts that although Reshaw "claims SPS is not a 'creditor,' he does not  sufficiently allege facts showing SPS is a 'debt collector' governed by the FDCPA," and he does not "sufficiently allege facts plausibly showing he was the object of consumer debt collection activity, or sufficiently allege facts plausibly showing SPS violated any particular FDCPA provision."  [Id. at 11-12 & n.6].  The Court agrees.

To prevail on a claim under the FDCPA, Reshaw "must show, among other things, that [SPS] was a debt collector as defined by the FDCPA and that the challenged conduct is related to debt collection."  Anderson v. Deutsche Bank Nat'l Trust Co., Civil Action No. 1:11-cv-4091-TWT-ECS, 2012 WL 3756512, at *3 (N.D. Ga. Aug. 6, 2012), adopted by 2012 WL 3756435, at *1 (N.D. Ga. Aug. 27, 2012) (citing Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211, 1216 (11th Cir. 2012)).

Under the FDCPA, the term "debt collector" does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person[.]" 15 U.S.C. § 1692a(6)(F). "Thus, a consumer's creditors, a mortgage servicing company, or an assignee of a debt are not considered 'debt collectors' so long as the debt was *not* in default at the time it was assigned." Anderson, 2012 WL 3756512, at *3 (citations omitted).

Reshaw alleges that his loan was in default as of May 2012, [Doc. 1 at 5 ¶ 17], the same month that he alleges BANA assigned the security deed to HSBC, [id. at 5 ¶ 16], but he has failed to allege any facts indicating that HSBC actually acquired the security deed after his default, see generally [Doc. 1]. Reshaw alleges that SPS is the loan servicer, [id. at 5 ¶ 17], and while he alleges that the "debt was acquired by [SPS] after it was in default," [id. at 9 ¶ 29 (emphasis omitted)], he has not alleged facts that plausibly show SPS began servicing the loan after his default. Even if the debt was not acquired by SPS until after it was in default, this allegation "does not necessarily lead to the conclusion that [SPS] is a debt collector" as it "only supports that the exemption for those who seek to collect a debt that was not in default when acquired does not apply." Davidson v. Capital One Bank (USA), N.A., 44 F. Supp. 3d 1230, 1238 (N.D. Ga. 2014), aff'd, 797 F.3d 1309 (11th Cir. 2015) (footnote omitted).

21

Reshaw must still show that SPS is "an entity whose principal purpose is the collection of debts," id. at 1238 & n.9, and he has not alleged any facts, as opposed to conclusory allegations, about the principal purpose and nature of SPS's business to establish that SPS is a debt collector within the meaning of the FDCPA, see White v. Bank of Am. Bank, NA, 597 F. App'x 1015, 1020 (11th Cir. 2014) (per curiam) (unpublished) (alteration in original) (citations omitted) (affirming dismissal of FDCPA claim on motion to dismiss where plaintiffs made only a conclusory assertion that McCalla "'regularly attempt[ed] to collect debts'"); see also Barber v. Rubin Lublin, LLC, Civil Action File No. 1:13-CV-975-TWT, 2013 WL 6795158, at *9 (N.D. Ga. Dec. 20, 2013), adopted at *1 (citation omitted) ("[B]y failing to allege any facts showing that the 'principal purpose' of Defendant's business is debt collection, or that Defendant 'regularly' attempts to collect debts, Plaintiff's complaint does not establish that Defendant is a debt collector."); Acosta v. Gustino, No. 6:11–cv–1266–Orl–31GJK, 2013 WL 6069862, at *4 (M.D. Fla. Nov. 18, 2013) (emphasis added) (finding plaintiff's conclusory allegations insufficient to establish that defendants were debt collectors under the FDCPA); Horton v. HSBC Bank, Civil Action File No. 1:11–CV–3210–TWT, 2013 WL 2452273, at *8 (N.D. Ga. June 5, 2013), adopted at *1 (citations omitted) ("Reciting the statutory definition without offering any facts in support is insufficient to plausibly allege that Defendants qualify as debt

collectors under the FDCPA.  On this basis alone, Plaintiff's FDCPA claim should be dismissed."); <u>Correa v. BAC Home Loans Servicing LP</u>, No. 6:11–cv–1197–Orl–22DAB, 2012 WL 1176701, at *12 (M.D. Fla. Apr. 9, 2012) (citation omitted) ("Plaintiff cites the general definition for 'debt collector' and in a conclusory manner, states that [defendants] are debt collectors.  Such legal conclusions are insufficient to state a claim for relief.").

Even had he adequately alleged that SPS is a debt collector, Reshaw has not alleged facts that state a plausible violation of the FDCPA.  The only factual allegation of debt collection activity identified in the complaint to support a violation of the FDCPA pertains to a "Notice of Sale Under Power" that Reshaw received on or about October 29, 2015, from Rubin Lublin, LLC, whom he alleges was legal counsel for SPS.  [Doc. 1 at 7 ¶ 24 (emphasis omitted)].  Reshaw quotes a portion of the Notice of Sale Under Power, emphasizing that the words "debt" and "collect" appear in it, though not together, and asserts that the notice demonstrates that SPS was attempting to collect a debt through its attorneys.  [<u>Id.</u> at 7 ¶¶ 24-25].  However, as SPS correctly contends, <u>see</u> [Doc. 4 at 13], the Notice of Sale Under Power, required by Georgia's non-judicial foreclosure statutes, O.C.G.A. § 44-14-162 <u>et seq.</u>, alone cannot support an  FDCPA  claim against SPS because the Eleventh Circuit has held that "foreclosing on a security interest is not debt collection activity

for purposes of [15 U.S.C.] § 1692g," <u>Warren v. Countrywide Home Loans, Inc.</u>, 342 F. App'x 458, 460 (11th Cir. 2009) (per curiam) (unpublished).[13]  As for the alleged violations of other provisions of the FDCPA, they are either premised on Reshaw's erroneous assertion that SPS lacked standing to foreclose and therefore without merit, as discussed more fully hereinafter, or completely devoid of any factual allegations beyond a recitation of the statutory language and a conclusory assertion that SPS violated the particular provision.  Accordingly, it is **RECOMMENDED** that Reshaw's FDCPA claims be **DISMISSED**.

### 2.    *FCRA*

Reshaw alleges that SPS violated § 1681q of the FCRA because it "obtained [his] consumer credit report and made an inquiry on his report . . . by misrepresenting to the credit bureaus that [it] had a right to run [his] credit." [Doc.

---

[13] Under certain circumstances, collection efforts related to foreclosure activity may constitute debt collection in violation of 15 U.S.C. § 1692e, <u>see</u> <u>Shoup v. McCurdy & Candler, LLC</u>, 465 F. App'x 882, 884-85 (11th Cir. 2012) (per curiam) (unpublished); <u>Bourff v. Rubin Lublin, LLC</u>, 674 F.3d 1238, 1241 (11th Cir. 2012) (per curiam), but Reshaw does not allege any facts that plausibly support finding a violation under that provision, or any of the other provisions of the FDCPA cited in his complaint, <u>see generally</u> [Doc. 1]; <u>see also</u> 15 U.S.C. § 1692e (prohibiting "any false, deceptive, or misleading representation or means in connection with the collection of any debt").  Also, to the extent Reshaw's request for injunctive relief, <u>see</u> [Doc. 1], is premised on his FDCPA claim, "equitable relief is not available in private actions under the FDCPA," <u>Hennington v. Greenpoint Mortg. Funding, Inc.</u>, Civil Action Nos. 1:09-CV-00676-RWS, 1:09-CV-00962-RWS, 2009 WL 1372961, at *6 (N.D. Ga. May 15, 2009) (citation omitted).

1 at 29 ¶ 106].  He also alleges that SPS "violated § 1681b(c) by obtaining credit information without a 'permissible purpose.'"  [Id. at 30 ¶ 108].[14]  SPS argues that

_____

[14] While Reshaw asserts that SPS "violated the FCRA both by obtaining [his] credit report without a proper purpose and by using false pretenses[,] [t]hese are not distinct violations of the FCRA, but are instead intertwined as a single claim for relief under the statutory scheme." Shepherd-Salgado v. Tyndall Fed. Credit Union, Civil Action No. 11-0427-WS-B, 2011 WL 5401993, at *3 (S.D. Ala. Nov. 7, 2011) (footnote omitted).  Section 1618q of the FCRA provides "[a]ny person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined under Title 18, imprisoned for not more than 2 years, or both."  15 U.S.C. § 1618q.  "Before the current version of § 1681b went into effect in 1996, courts interpreted 'false pretenses' as meaning 'failure to disclose the lack of a permissible purpose.'" Shepherd-Salgado, 2011 WL 5401993, at *3 n.4 (citation omitted). "With that 1996 amendment, however, 'the civil liability provisions now explicitly cover the act of obtaining a consumer report without a permissible purpose, which formerly was included only by incorporating [§ 1681q]. Accordingly, . . . reliance in [a] complaint on section 1681q for civil liability is anachronistic and unnecessary.'"  Id. (alterations in original) (citations omitted); see also Evans v. Saxon Mortg. Inc., CIVIL ACTION FILE NO. 1:11-CV-01264-CAP-AJB, 2011 WL 13318621, at *3 n.5 (N.D. Ga. Apr. 26, 2011), adopted by 2011 WL 13318679, at *1 (N.D. Ga. June 6, 2011) (citations omitted) (noting that § 1681q "is a criminal provision, and to the extent that this provision provides civil liability, courts have determined that the enactment of § 1681b(f) renders recourse to § 1681q unnecessary"). "Alternatively, the 'false pretenses' claim simply collapses into the 'permissible purpose' claim for purposes of a FCRA analysis." Shepherd-Salgado, 2011 WL 5401993, at *3 n.4 (citations omitted); see also Hernandez v. Int'l Mall Motor Co., Case No. 06-21516-CIV-UNGARO, 2007 WL 9702903, at *5 (S.D. Fla. Mar. 19, 2007) (citations omitted) ("[B]ecause the Court concludes that Defendant had a permissible purpose for obtaining Plaintiff's consumer credit report, Plaintiff has failed to state a claim for which relief may be granted under § 1681q."); Carter v. MBNA Am. Bank, CIVIL ACTION FILE NO. 1:05-CV-2703-TWT, 2006 WL 8432582, at *4 (N.D. Ga. July 28, 2006) (citations omitted) ("[I]f a user has a permissible purpose to obtain a consumer report, that user did not gain access to that report under false pretenses."). "Either way, there is no need to analyze [Reshaw's] 'permissible purpose' and 'false pretenses' FCRA claims separately, as they are part and parcel of a singular alleged violation."

Reshaw has failed to allege facts to support any plausible FCRA claims.  [Doc. 4 at

15].  Specifically, SPS asserts that Reshaw fails to allege that it used "false pretenses"

to access his information, as required for a violation of § 1681q, [id. (internal marks

omitted)], and that his § 1681b claim is meritless because that section only applies

to the duties of consumer reporting agencies, and he "has not alleged any facts

plausibly showing that SPS is a consumer reporting agency," [id. at 15-16 (footnote

and citation omitted)].

"Under [the FCRA,] civil liability for improper use and dissemination of credit

information may be imposed only on a consumer reporting agency or user of

reported information who willfully or negligently violates the FCRA."  Rush v.

Macy's N.Y., Inc., 775 F.2d 1554, 1557 (11th Cir. 1985) (citations omitted).  However,

as SPS correctly contends, Reshaw's complaint does not adequately state a claim

under the FCRA that is plausible on its face.  Indeed, courts faced with similarly thin

allegations of a violation of § 1681b as those made by Reshaw have ruled that they

are insufficient to state a claim under the FCRA.  See Hinkle v. CBE Grp., No. CV

311–091, 2012 WL 681468, at *2-3 (S.D. Ga. Feb. 3, 2012), adopted by 2012 WL 676267,

at *1 (S.D. Ga. Feb. 29, 2012); Hinkle v. CBE Grp., Civil Action No. 3:11-cv-00065-

---

Shepherd-Salgado, 2011 WL 5401993, at *3 n.4; see also Muhammad v. Lockhart,
Morris & Montgomery, Inc., CIVIL ACTION FILE NO. 3:16-cv-00194-TCB-RGV,
2017 WL 8181020, at *2-3 (N.D. Ga. Jan. 11, 2017) (analyzing plaintiff's alleged
violations of §§ 1681b and 1681q together).

DHB-WLB, at [Doc. 4 at 2-5] (S.D. Ga. July 26, 2011), adopted by [Doc. 7] (S.D. Ga. Aug. 18, 2011).  "Moreover, not all of the permissible purposes for a user of information to access a consumer report under § 1681b involve the consumer directly entering into an interaction with the user." Hinkle, Civil Action No. 3:11-cv-00065-DHB-WLB, at [Doc. 4 at 4].  In fact, Reshaw has alleged that SPS attempted to collect a debt, see [Doc. 1], and "one of the 'permissible purposes' enumerated in the FCRA for obtaining a consumer report is 'to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the . . . collection of an account of[] the consumer,'" Hinkle, Civil Action No. 3:11-cv-00065-DHB-WLB, at [Doc. 4 at 4] (alterations in original) (quoting 15 U.S.C. § 1681b(a)(3)(A)).  "Thus, if a collection agency is retained by a creditor to collect a debt owed by a consumer, then it typically has a permissible purpose for obtaining a consumer report in conjunction with its collection activities, so long as they relate to a transaction that the consumer initiated with the creditor." Id. (citations omitted); see also Middlebrooks v. Sacor Fin., Inc., CIVIL ACTION NO. 1:17-CV-0679-SCJ-JSA, 2018 WL 4850122, at *17 (N.D. Ga. July 25, 2018), adopted by 322 F. Supp. 3d 1300 (N.D. Ga. 2018), aff'd in part, No. 18-13770, 2019 WL 2302343 (11th Cir. May 30, 2019) (per curiam) (unpublished) (citation omitted) ("Debt collectors may obtain credit reports to collect on delinquent accounts, and collection

agencies may obtain credit reports on behalf of the debt's owner to collect on accounts.").[15]   "Furthermore, because the Court concludes that [SPS] had a permissible purpose for obtaining [Reshaw's] consumer credit report, [Reshaw] has failed to state a claim for which relief may be granted under § 1681q." Hernandez, 2007 WL 9702903, at *5 (citations omitted).  In sum, "the scant factual matter offered . . . in [the] complaint establishes nothing beyond speculation as to the 'mere possibility' of an FCRA violation, without presenting 'enough fact[s] to raise a reasonable expectation that discovery will reveal' unlawful conduct." Hinkle, Civil Action No. 3:11-cv-00065-DHB-WLB, at [Doc. 4 at 4]  (citation omitted); see also Muhammad, 2017 WL 8181020, at *3 (citation omitted).   Accordingly, it is **RECOMMENDED** that Reshaw's FCRA claims be **DISMISSED**.

### 3.   *GFBPA*

Reshaw alleges that SPS's "false and misleading statements about [its] services claiming to be something other than debt collectors or servicers" violated the GFBPA. [Doc. 1 at 37 ¶ 137]. SPS moves to dismiss this claim, asserting that "courts

---

[15] Moreover, under § 1681b(c), "a private cause of action  is only available against a furnisher if it was informed of the dispute by a consumer reporting agency."    Porter v. Ocwen Loan Servicing, LLC, Civil Action No. 2:15-CV-154-RWS-JCF, 2016 WL 4267628, at *4 (N.D. Ga. Jan. 12, 2016).   Reshaw "has not made any allegation with regards to a reporting agency," and he "does not allege that he informed the reporting agency of this issue and that the reporting agency then reported the issue to [SPS]." Id.  Thus, Reshaw's claim is due to be dismissed for this additional reason.

have found it appropriate to dismiss [G]FBPA claims that allege injury based on mortgage transactions" because "the area of mortgage transactions is heavily regulated by [TILA], [RESPA], and the Georgia Residential Mortgage Act," and since Reshaw's claim relates to a mortgage transaction, he fails to state a claim for a violation of the GFBPA.  [Doc. 4 at 23 (citations and internal marks omitted)].

O.C.G.A. § 10-1-393(a) prohibits "[u]nfair or deceptive acts or practices in the conduct of consumer transactions . . . in trade or commerce."  However, Reshaw fails to state a plausible claim because the GFBPA "does not apply to [the] residential mortgage transaction[]" that is the subject of his claim in this case.  Harris v. Chase Home Fin., LLC, CIVIL ACTION FILE NO. 4:11-CV-00116-HLM, 2011 WL 13131289, at *12 (N.D. Ga. Dec. 21, 2011), aff'd, 524 F. App'x 590 (11th Cir. 2013) (per curiam) (unpublished) (citation omitted); see also Dang v. JPMorgan Chase Bank, Civil Action No. 1:11-CV-4143-TWT-ECS, 2012 WL 398442, at *2 (N.D. Ga. Jan. 12, 2012), adopted by 2012 WL 386593, at *1 (N.D. Ga. Feb. 6, 2012) (citation omitted); Zinn v. GMAC Mortg., No. 1:05 CV 01747 MHS, 2006 WL 418437, at *4 (N.D. Ga. Feb. 21, 2006) (citations omitted) (noting the "GFBPA does not apply to residential mortgage transactions").  Accordingly, it is **RECOMMENDED** that  Reshaw's GFBPA claim be **DISMISSED**.

4.      *Negligence*

Reshaw alleges that SPS "ha[d] a duty to exercise reasonable care and skill to maintain proper and accurate records" and was negligent by "foreclosing on [his] property . . . when it [did] not have the legal authority and proper documentation to do so." [Doc. 1 at 32 ¶ 116].  He also alleges that SPS "negligently failed to comply with the requirements of the FCRA," [id. at 32 ¶ 117 (footnote omitted)], and that he has suffered damages "[a]s a result of [SPS's] failure to comply with the requirements of the FCRA," [id. at 32 ¶ 118].  SPS contends that Reshaw's "negligence claim is preempted by the FCRA, and otherwise fails as a matter of law." [Doc. 4 at 16 (citation omitted)].[16]

To state a claim for negligence under Georgia law, Reshaw must allege sufficient facts that plausibly establish the following elements: "(1) [a] duty or obligation, recognized by law, requiring the actor to conform to a certain standard of conduct . . . [;] (2) [a] failure on [SPS's] part to conform to the standard required[;] (3) [a] reasonable close causal connection between the conduct and the resulting injury[; and] (4) [a]ctual loss or damage resulting to the interests of the other." Brookview Holdings LLC v. Suarez, 645 S.E.2d 559, 562 (Ga. Ct. App. 2007) (citation

---

[16] Since Reshaw's negligence claim is premised on the maintenance, accounting, and servicing of his loan, and not on the negligent disclosure of information, it is not preempted by § 1681h(e).  See Johnson v. Citimortgage, Inc., 351 F. Supp. 2d 1368, 1380 (N.D. Ga. 2004).

omitted); see also Underhill v. Bank of Am., N.A., Civil Action File No. 1:13–CV–2614–TWT, 2014 WL 587868, at *15 (N.D. Ga. Feb. 14, 2014), adopted at *1 (citations omitted).  "In general, a breach of a contractual duty gives rise to a breach of contract claim, not a tort."  Underhill, 2014 WL 587868, at *16 (citation omitted).

Reshaw has failed to state a negligence claim against SPS because a "[servicer's] alleged negligence in its performance of its obligations under a loan contract with a borrower is not generally subject to a tort claim in the absence of a specific legal duty arising outside the terms of the contract," and here, the "only relationship between [Reshaw] and [] [SPS] was that which arose out of the note and security deed."  Id. (citations omitted); see also Lopez v. Bank of Am., N.A., Civil Action No. 1:12–CV–03590–RWS, 2013 WL 3878952, at *5 (N.D. Ga. July 26, 2013). That is, "[i]f there is no liability except that arising out of a breach of the express terms of the contract, the action must be in contract, and an action in tort cannot be maintained."  Underhill, 2014 WL 587868, at *16 (citations omitted).  Indeed, "judges in this Court have dismissed tort claims brought by borrowers based on 'negligence' or 'negligent servicing' when the plaintiff has asserted that a bank negligently performed its duties in servicing a mortgage loan."  Id. (citations omitted); see also Kin Chun Chung v. JPMorgan Chase Bank, N.A., 975 F. Supp. 2d 1333, 1344-46 (N.D. Ga. 2013).  Furthermore, apart from citing the FCRA, Reshaw has not alleged "any

specific duty owed to [him] by [SPS], or how [SPS] purportedly breached this duty," and "[a]ny injury [he] may have suffered is solely attributable to [his] own conduct in defaulting on [his] loan obligations." Fenello v. Bank of Am., N.A., 926 F. Supp. 2d 1342, 1354 (N.D. Ga. 2013), aff'd, 577 F. App'x 899 (11th Cir. 2014) (per curiam) (unpublished) (footnote omitted).   Accordingly, it is **RECOMMENDED** that Reshaw's negligence claim be **DISMISSED**.

### 5. *Intentional Infliction of Emotional Distress*

Reshaw asserts a claim of intentional infliction of emotional distress, alleging that SPS "attempt[ed] to take [his] real property through foreclosure when [it has] no legal right to do so" and that its "acts and/omissions were done intentionally and/or with gross indifference to [his] rights." [Doc. 1 at 33 ¶¶ 121-22]. SPS argues that this claim should be dismissed because the conduct alleged in the complaint "does not support an intentional infliction of emotional distress claim as a matter of law." [Doc. 4 at 19 (citations omitted)].

To state a claim for intentional infliction of emotional distress under Georgia law, Reshaw must allege: "(1) the conduct giving rise to the claim was intentional or reckless; (2) the conduct was extreme and outrageous; (3) the conduct caused emotional distress; and (4) the emotional distress was severe." Blue View Corp. v. Bell, 679 S.E.2d 739, 741 (Ga. Ct. App. 2009) (citation omitted).   Furthermore, the

"conduct must be so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  Id. (citation omitted); see also Jiles v. PNC Bank Nat'l Ass'n, No. 5:10–CV–180 (CAR), 2012 WL 3241927, at *3 (M.D. Ga. Aug. 7, 2012) (citation omitted) ("In the context of wrongful foreclosure, claims for intentional infliction of emotional distress have been recognized when the conduct was, at the least, reckless, extreme, and outrageous.").

Reshaw has not alleged facts that support a plausible claim of intentional infliction of emotional distress.  Indeed, nothing in his complaint shows that SPS has taken any actions that are "beyond all possible bounds of decency . . . atrocious, and utterly intolerable in a civilized community."   Bell, 679 S.E.2d at 741 (citation omitted).  As previously discussed, SPS merely attempted to exercise its contractual right to foreclose on the subject property after Reshaw defaulted, and therefore, he has failed to allege any conduct by SPS that is either extreme or outrageous.  Jiles, 2012 WL 3241927, at *3 (citation omitted); see also Peterson v. Merscorp Holdings, Inc., Civil Action No. 1:12–cv–00014–JEC, 2012 WL 3961211, at *6 (N.D. Ga. Sept. 10, 2012).  Moreover, while Reshaw asserts that he suffered "humiliation, anxiety and loss of sleep," [Doc. 1 at 33 ¶ 122], he has not plausibly alleged that he suffered any "severe" emotional distress as defined under Georgia law, see Hill v. Macon Police

Dep't, No. 5:10–CV–472 (CAR), 2013 WL 594200, at *14 (M.D. Ga. Feb. 15, 2013) (last alteration in original) (footnote omitted) (explaining that, while "[e]motional distress includes all highly unpleasant mental reactions such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea," the "law intervenes only where the distress inflicted is so severe that no reasonable [person] could be expected to endure it"); see also id. at *14 n.110 (citation omitted) ("[A]nxiety, sleeplessness, overeating, diarrhea and headaches, [are] not 'severe' for purposes of intentional infliction of emotional distress claim[.]").  The allegations of the complaint amount to little more than "an unadorned, the defendant-unlawfully-harmed-me accusation," Iqbal, 556 U.S. at 678 (citation omitted), which is insufficient to survive a motion to dismiss as a matter of law, see Maultsby ex rel. Maultsby v. Senior Living Mgmt., No. 8:09–cv–2037–T–30EAJ, 2010 WL 1408428, at *3 (M.D. Fla. Apr. 5, 2010) (summarily dismissing intentional infliction of emotional distress claim where plaintiff "failed to allege any of the[] required elements").  Accordingly, it is **RECOMMENDED** that Reshaw's claim for intentional infliction of emotional distress be **DISMISSED**.

### 6.   *Wrongful Foreclosure*

Reshaw alleges that since SPS is a servicer, it is not the holder of the note and does not have any interest or standing to enforce the note.  [Doc. 1 at 35-36 ¶¶ 131-

34].  SPS construes these allegations to be a claim of wrongful foreclosure and moves to dismiss the claim because Reshaw has not alleged that any foreclosure actually took place, and he thus has failed to allege facts showing that SPS breached any duty owed to him or that he was damaged by any alleged breach.  [Doc. 4 at 22].  The Court agrees.

To establish a claim for wrongful foreclosure, Reshaw must show "(1) a legal duty owed to [him] by the foreclosing party, (2) breach of that duty, (3) causal connection between the breach of that duty and the injury sustained, and (4) damages." McGinnis v. Am. Home Mortg. Servicing, Inc., No. 5:11–CV–284 (CAR), 2012 WL 426022, at *3 (M.D. Ga. Feb. 9, 2012) (citation omitted).  Since Reshaw admittedly defaulted on the loan payments and no foreclosure has actually occurred, Reshaw has "failed to allege a causal connection between any breach and the damages he allegedly sustained." Fitzpatrick v. Bank of N.Y. Mellon, CIVIL ACTION NO. 1:13-CV-1496-RWS-ECS, 2013 WL 12097456, at *4 (N.D. Ga. Nov. 12, 2013), adopted by 2013 WL 12108621, at *1 (N.D. Ga. Dec. 3, 2013), aff'd, 580 F. App'x 690 (11th Cir. 2014) (per curiam) (unpublished) (citations omitted).  Indeed, "[i]n order to show the injury was caused by the breach of duty and not [his] own acts or omission, [Reshaw] must not be in default on [his] mortgage." Harden v. JP Morgan Chase Bank, N.A., Civil Action No. 1:13–CV–03535–RWS, 2014 WL 836013,

35

at *3 (N.D. Ga. Mar. 4, 2014) (citation omitted); see also Silvestar v. Nationstar Mortg.

LLC, CIVIL ACTION FILE NO. 1:15-cv-4246-RWS-JKL, 2016 WL 5339736, at *4 (N.D.

Ga. July 12, 2016), adopted by 2016 WL 5660348, at *1 (N.D. Ga. Aug. 25, 2016);

Chester v. Bank of Am., CIVIL ACTION FILE NO. 1:14-CV-00027-JEC-GGB, Civil

Action File No. 13CV02791, 2014 WL 12117966, at *6-7 (N.D. Ga. May 7, 2014),

adopted by 2014 WL 12284023, at *1 (N.D. Ga. Aug. 28, 2014) (citations omitted).

Moreover, Reshaw's wrongful foreclosure claim is premised on the allegation

that SPS lacked standing to foreclose since it did not hold the note, but "[t]he

Supreme Court of Georgia [has] rejected the 'splitting of note and deed' theory that

[he] advances," DeWeese v. JPMorgan Chase Bank, N.A., Civil Action No.

2:13–CV–00059–RWS, 2013 WL 6178546, at *5 (N.D. Ga. Nov. 25, 2013) (citing You

v. JP Morgan Chase Bank, N.A., 743 S.E.2d 428, 433 (Ga. 2013)), and under Georgia

law, "the deed holder possesses full authority to exercise the power of sale upon the

debtor's default, regardless of its status with respect to the note," You, 743 S.E.2d at

433. Indeed, "the holder of a deed to secure debt is authorized to exercise the power

of sale in accordance with the terms of the deed even if it does not also hold the note

or otherwise have any beneficial interest in the debt obligation underlying the

deed." Id.; see also Fabre v. Bank of Am., N.A., 523 F. App'x 661, 665 (11th Cir. 2013)

(per curiam) (unpublished) (citation omitted) ("Actual possession of the note is not

required for a secured creditor seeking non judicial foreclosure."). Since the "splitting" of the note and security deed between two parties does not affect the deed-holder's foreclosure rights, Reshaw's argument that SPS lacks standing to foreclose is without merit.[17] Accordingly, it is **RECOMMENDED** that Reshaw's claim for wrongful foreclosure be **DISMISSED**.

### 7.   *Injunctive Relief*

Finally, Reshaw seeks injunctive relief, alleging that SPS's "threatened conduct, unless and until enjoined and restrained by the Court will cause great and irreparable injury" because he will be "deprived of the quiet use and enjoyment of its [sic] real property" and "could lose his real property and be evicted from his home." [Doc. 1 at 34 ¶¶ 125, 128]. SPS argues that since he has failed to state any

---

[17] Furthermore, to seek equitable relief regarding a pending or past foreclosure sale, a plaintiff must tender the amount owed under the loan. Taylor v. Wachovia Mortg. Corp., Civil Action File No. 1:07-CV-2671-TWT, 2009 WL 249353, at *5 n.6 (N.D. Ga. Jan. 30, 2009), adopted at *1 (citations omitted); see also Bright v. Nimmo, 756 F.2d 1513, 1517 n.3 (11th Cir. 1985) (citations omitted) ("[B]ecause plaintiff failed to pay or tender the accelerated balance due on the mortgage, plaintiff is not entitled to equitable relief from the foreclosure under Georgia law."); Morton v. Suntrust Mortg., Inc., Civil Action No. 1:10-CV-2594-TWT-RGV, 2010 WL 5055822, at *7 (N.D. Ga. Nov. 5, 2010), adopted by 2010 WL 5055813, at *1 (N.D. Ga. Dec. 6, 2010) (citation omitted). Reshaw has not alleged that he tendered the amount owed on the loan, see generally [Doc. 1], and his request for injunctive relief fails for this additional reason, see Mei Kuan Chen v. Wells Fargo Bank, N.A., Civil Action File No. 1:13–CV–3037–TWT, 2014 WL 806916, at *3 (N.D. Ga. Feb. 27, 2014) (finding plaintiff's "claim for equitable relief fail[ed] because she [did] not allege that she tendered the amount due on her loan").

plausible claim for relief in his complaint, Reshaw's request for injunctive relief fails as he cannot show a substantial likelihood of success on the merits of his claims. [Doc. 4 at 20-21]. It further argues that he "cannot enjoin a prospective foreclosure sale without first tendering the amount due on his mortgage loan," but "he stopped repaying his loan in 2012, and has not tendered or offered to tender his arrearage." [Id. at 21 (citation omitted)].

Reshaw's request for injunctive relief is due to denied because he has failed to state a plausible claim upon which relief can be granted, see Underhill, 2014 WL 587868, at *17 ("Because Plaintiff has failed to state a plausible claim against [defendant] under any of the legal theories presented in the Complaint, she has not established that she is entitled to injunctive relief or that she is otherwise entitled to an injunction or other restraint against any foreclosure sale on the Property."), and to the extent he seeks declaratory relief, it is not warranted since, "[i]n light of the Court's finding that [Reshaw] has failed to state a claim upon which relief may be granted, there are no allegations demonstrating the existence of an actual controversy," McFarland v. BAC Home Loans Servicing, LP, Civil Action No. 1:11-CV-04061-RWS, 2012 WL 2205566, at *4 (N.D. Ga. June 14, 2012) (citations omitted). In sum, because Reshaw has failed to state any viable claim against SPS, his claims for relief lack any substantive basis and are therefore due to be denied.

### III.  CONCLUSION

For the foregoing reasons, SPS's motion to stay discovery, [Doc. 10], is **GRANTED**, and it is **RECOMMENDED** that SPS's motion to dismiss, [Doc. 4], be **GRANTED**, and that Reshaw's complaint be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned Magistrate Judge.

**IT IS SO ORDERED, RECOMMENDED**, and **DIRECTED** this 31st day of July, 2019.

_Russell G. Vineyard_
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE